In the matter of TAYLOR and Others. Ex Parte.

Where a change of venue was taken, under the R. S. 1843, in a criminal cause, the county from which the change was taken was liable to the clerk for his fees in making out a transcript of the proceedings and forwarding the same to the county to which the change was taken, and to the clerk and sheriff of the latter county for their fees in the case, irrespective of the conviction or acquittal of the defendant.

It was the duty of the Court to which the change was taken, under the R. S. 1843, upon a proper motion, to audit and allow such fees.

Nov. Term,
1853.

Ex Parte
Taylor.

Monday,
December 5.

ERROR to the *Switzerland* Circuit Court.

PERKINS, J.—This was a motion by certain of the officers of *Jefferson* and *Switzerland* counties to the *Switzerland* Circuit Court, for the grant of a certificate to the proper authorities of *Jefferson* county, *Indiana*, of the auditing by the Court, for payment by said county, of the following fees in the case of *The State* v. *Curry*, being an indictment for murder in the *Jefferson* Circuit Court, and, by change of venue, sent to and tried in the *Switzerland* Circuit Court. The items of said fees are:

Seven dollars and 20 cents to the clerk of the *Jefferson* Circuit Court, for transcript of the proceedings in that Court to the change of venue, and forwarding the same to *Switzerland* county.

Twenty-three dollars and 80 cents to the clerk of the *Switzerland* Circuit Court for fees in the case in that Court.

Eighteen dollars and 74 cents to the sheriff of *Switzerland* county for his fees in the case.

The Circuit Court refused the motion. The correctness of that decision depends on the proper construction of ss. 99, 100, and 101, p. 1002, R. S. 1843, which read as follows:

"Sect. 99. In all changes of venue under the provisions of this article, the county from which the change was taken shall be liable for the expenses and charges of removing, delivering, and keeping the prisoner, the *per diem* allowance of the associate judges, and expenses of the jury trying the cause, the necessary expenses incurred by or on account of the officers' attending such trial, and of the whole panel of jurors in attendance during the time of such trial, and all other expenses necessary and consequent upon such change of venue and the trial of such defendant.

"Sect. 100. All costs and charges specified in the last preceding section, or coming justly and equitably within its provisions, shall be audited and allowed by the Court trying any such cause; but where specific fees are allowed by law for any duty or service, no more or other costs

shall be allowed therefor than could be legally taxed in the Court from which such change was taken.

" Sect. 101. Sheriffs, for delivering prisoners to the sheriffs of other counties, under the provisions of this article, shall receive the same fees therefor as are allowed for the conveyance of convicts to the state prison."

It is admitted that the above fees are charged at the usual rate for such services, and it is plain that they were necessary and consequent upon the change of venue; and we think the Court should have audited and allowed them.

They are for the performance of services which, but for the change of venue, said officers would not have been called upon to perform, and it seems to us that the statute above quoted plainly means that the county from which the change occasioning such costs is taken, shall pay them, irrespective of the conviction or acquittal of the defendant.

Its language seems plainly to bear no other construction, and we perceive no equitable consideration in the case that should induce a Court to attempt to seek for any other.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*D. Kelso*, for the plaintiffs.